UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE:
    Brenda Garrett Reed                                         CASE NO. 20−01902−JAW
    DEBTOR.                                                   CHAPTER 13

Brenda Garrett Reed                                               PLAINTIFF
VS.                                                     ADV. PROC. NO. 23−00022−JAW
Robert Rex McRaney, Jr.
McRaney & McRaney, PLLC                              DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANTS' AMENDED MOTION TO DISMISS

The Plaintiff, Brenda Reed, through her undersigned attorneys, responds in opposition to the amended motion to dismiss of Defendants McRaney and McRaney, PLLC and Robert Rex McRaney, Jr. [Dkt 30], as follows:

**A.**     **Background**

The Plaintiff sued Robert Rex McRaney, Jr., a practicing attorney, and Mr. McRaney's law firm, McRaney & McRaney PLLC, for legal malpractice. [Dkt 4]. The malpractice claims are pleaded as separate counts for negligence (Count One), breach of contract (Count Two) and breach of fiduciary duty (Count Three). The complaint was originally filed by and through her attorney, Samuel L. Begley, in the Circuit Court of Hinds County, Mississippi, Cause No. 22-2907, and was then removed by the defendants to the United States District Court, in Civil Action No. 3:22-CV-00641-HTW-LGI, whereupon the case was transferred to the Bankruptcy Court, where the Plaintiff is a Chapter 13 debtor in Bankruptcy Petition #: 20-01902-JAW.

On December 3, 2023, the Defendants filed their Rule 12(b)(6) amended motion to dismiss alleging lack of standing and failure to state claims. [Dkt 30].

B.  **Factual matters alleged in the complaint**

The Plaintiff makes the following enumerated allegations in the "FACTS" portion of her Complaint:

> 1. The Defendants represented Plaintiff Reed and her husband Michael Reed as their retained attorneys in separate Chapter 13 proceedings in the Southern District of Mississippi Bankruptcy Court.
>
> 2. The Defendants did not object to motions to lift the automatic stay filed by Tower Loans in Plaintiff Reed's case. Copies of the motions to lift the stay and orders granting the motions are attached as collective Exhibit "A" and are incorporated herein by reference.
>
> 3. Tower Loans had a deed of trust on the Plaintiff's residential property and, after obtaining the orders lifting the automatic stay, acquired the Plaintiffs property though a foreclosure sale.
>
> 4. Had the Defendants contacted Plaintiff Reed beforehand she would have told the Defendants to object to Tower Loan's motion to lift the stay and in turn modify her Chapter 13 bankruptcy repayment plan so that she could assume responsibility for payment of the Tower Loan note secured by the deed of trust on her residence.
>
> 5. Had the Defendants done these things, the Plaintiff's residence would not have been foreclosed upon and purchased by Tower Loan at the foreclosure sale.
>
> 6. Because of the Defendant's negligence, Plaintiff Reed has lost her home, which had been in her family for many years and is valued at more than $50,000, and she has suffered emotional distress and mental anguish.

C.  **Legal Standard for Motion to Dismiss**

"A Rule 12(b)(6) motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint." *Rose v. Tullos*, 994 So.2d 734, 737 (¶ 11) (Miss. 2008). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true and makes reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To proceed, the complaint "must contain a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (quotation marks and citation omitted). This requires "more than an unadorned, the defendant-unlawfully-harmed-me accusation," but the complaint need not have "detailed factual allegations." *Id.* at 678 (quotation marks and citation omitted). Plaintiff's claims must also be plausible on their face, which means there is "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

D.   **The Plaintiff has Standing**

The Defendants' motion to dismiss alleges, erroneously, the following:

> Plaintiff's Claims should be dismissed because the Bankruptcy Trustee is the real party in interest…. Upon the filing of the bankruptcy petition, Plaintiff's claims against Defendant's [sic] became assets of the bankruptcy estate, which Trustee has exclusive standing to pursue.

Defendants' Amended Motion to Dismiss, p. 9. [Dkt 30].

The Defendants have overlooked well established legal precedent in the Southern District of Mississippi, which is that a Chapter 13 debtor, such as the Plaintiff, has standing to litigate her civil action against the defendants directly and not through the trustee. In that regard, "a Chapter 13 debtor may sue and be sued, and…. the Chapter 13 debtor controls whether and on what terms to settle the lawsuit." *In re James*, 210 B.R. 276, 278 (Bankr. S.D. Miss. 1997) (Judge Ellington) (internal quotation marks omitted.) *In re James* quotes liberally from the discussion on standing afforded to a Chapter 13 debtor found in Lundin, 1 *Chapter 13 Bankruptcy* § 3.45, p. 3-38, 2nd ed.1994, a well-regarded legal treatise. https://www.lundinonchapter13.com/ ("Though there is no specific section of Chapter 13 authorizing the debtor to commence or continue lawsuits by or against the debtor, it is generally recognized that the debtor is the proper party to sue or be sued in a Chapter 13 case."). Also see *In re Bowker*, 245 B.R. 192, 194 (Bankr. N.J. 2000), in which *In re James* is cited ("This court concludes that it is the debtor alone who has the authority to retain special counsel and pursue a cause of action that is property of the chapter 13 bankruptcy estate."); and *Henley v. Malouf (In re Roberts)*, 556 B.R. 266 (Bankr. S.D. Miss. 2016) ( quoting *In re James)*.Of further note, the late District Judge Willaim H. Barbour, writing in *Beasley v. Personal Finance Corporation*, 279 B.R. 523 (S.D. Miss. 2002), paraphrased the holding in *In re James* to rule as follows:

> The Court notes that the cases upon which both Plaintiffs and Defendants rely involved Chapter 7 debtors, who without question lose their standing to pursue

> prepetition causes of action upon filing petitions for bankruptcy. The rule is different for Chapter 13 debtors, however. A Chapter 13 debtor does *not* lose his right to sue upon filing his petition for bankruptcy. *In re James*, 210 B.R. 276, 278 (Bankr.S.D.Miss.1997) (holding that a Chapter 13 debtor may sue and be sued and controls whether and on what terms to settle his lawsuit). Rather, a Chapter 13 debtor retains possession of and may use all the property of his estate, including his prepetition causes of action. The Court therefore finds that [debtor] has standing to pursue the instant cause of action. Accordingly, the Court finds that the Motion of Plaintiffs for Voluntary Dismissal on ground that [debtor] lacks standing to continue this action is not well taken and should be denied.

279 B.R. at 527, 528. (citations mostly omitted and certain quotations omitted, footnote omitted, emphasis in original).

The Plaintiff notes that *Kane v. Nat'l Union Fire Ins. Co.*, 535 F.3d 380 (5th Cir. 2008), the sole case cited by the Defendants on the issue of debtor standing and right to sue, is a Chapter 7 case, and therefore does not provide good authority to support their legal argument. Accordingly, the Defendant's motion to dismiss based on lack of standing should be denied.

E.   **Mississippi case law on legal malpractice actions**

Mississippi common law recognizes a claim for legal malpractice under a negligence theory (sometimes called a breach of the standard of care). To prove malpractice based on an allegation of negligence, or breach of the standard of care, the plaintiff must establish the following by a preponderance of the evidence: (1) an attorney-client relationship; (2) the attorney's negligence in handling the client's affairs; and (3) proximate cause of the injury. *O'Brien v. Alfonso*, 240 So.3d 471 (¶ 31) (Miss. App. 2018) (quotations and citations omitted). The Mississippi Supreme Court has recognized a legal malpractice claim based on breach of contract. *Lancaster v. Stevens*, 961 So.2d 768 (¶ 13) (Miss. App. 2007) (an attorney who abandons an appeal without informing his client or being properly relieved by the court of record is guilty of breaching an implied contractual duty); *Hurst v. Southwest Miss. Legal Servs. Corp.*,

610 So.2d 374, 377 (Miss.1992); *Myers v. Miss. State Bar*, 480 So.2d 1080, 1092 (Miss. 1985) (all attorneys have 'an implied contractual duty' in representing their clients); *Whitlock v. Necaise*, 200 So.3d 1096 (¶ 13) (Miss. App. 2016) (recognizing breach of contract claim by client against attorney). Mississippi common law also recognizes a legal malpractice claim based of breach of fiduciary duty (sometimes called a breach of the standard of conduct). "When a legal-malpractice claim is based on an allegation of breach of fiduciary duty, the plaintiff must establish (1) the existence of an attorney-client relationship; (2) the acts constituting violation of the attorney's fiduciary duty; (3) that the breach proximately caused the injury; and (4) the fact and extent of the injury." *Crist v. Loyacono*, 65 So.3d 837 (¶ 15) (Miss. 2011).

**F.     The Plaintiff has sufficiently alleged a claim for legal malpractice based on negligence**

The Plaintiff's complaint alleges the following:

> 4.     Had the Defendants contacted Plaintiff Reed beforehand she would have told the Defendants to object to Tower Loan's motion to lift the stay and in turn modify her Chapter 13 bankruptcy repayment plan so that she could assume responsibility for payment of the Tower Loan note secured by the deed of trust on her residence.
>
> 5.     Had the Defendants done these things, the Plaintiff's residence would not have been foreclosed upon and purchased by Tower Loan at the foreclosure sale.

Under Rule 12(b)(6) and *Ashcroft v. Iqbal*, these statements in the complaint must be accepted as true, and they easily supply the factual bases for the Plaintiff's legal malpractice claim based on negligence. Accordingly, the Defendants' motion to dismiss the Plaintiff's negligence claim should be denied.

G.  **The Plaintiff has pleaded the existence of a written contract to support a malpractice claim based on breach of contract**

The Plaintiff expressly alleged the existence of a written contract in paragraph 14 of her complaint: "The Plaintiff entered into a written agreement with the Defendants to represent her in the bankruptcy court proceedings."

Under Rule 12(b)(6) and *Ashcroft v. Iqbal*, this statement in the complaint regarding the existence of a contract must be accepted as true and, along with the other facts pleaded in the complaint, easily supplies the factual basis for the Plaintiff's legal malpractice claim based on breach of contract. Accordingly, the Defendants' notion to dismiss the breach of contact claim should be denied.

H.  **The Plaintiff has sufficiently alleged breach of fiduciary duty to support her legal malpractice claim under that theory**

The Defendants alleges that the claim for breach of fiduciary duty is not pled with particularity as required by *O'Brien v. Alfonso*, 240 So.3d 471, 478 (Miss. App. 2018). Restatement (Third) of the Law Governing Lawyers § 49 (2000) states that "a lawyer is civilly liable to a client if the lawyer breaches a fiduciary duty to the client set forth in § 16(3)." Comment b to § 49 states: "A lawyer owes a client the fiduciary duties specified in § 16(3): safeguarding the client's confidences…… and property….; avoiding impermissible conflicting interests; <u>dealing honestly with the client</u>; <u>adequately informing the client</u>; following instructions of the client…..and not employing adversely to the client powers arising from the client-lawyer relationship…….." (Emphasis added).

The Plaintiff's complaint sufficiently alleges breach of fiduciary duty. The Plaintiff alleges that the Defendants should have dealt honestly with the Plaintiff by telling her that the loan company was seeking to lift the bankruptcy stay so that her house would be foreclosed

upon. The Defendants should have informed the Plaintiff about the loan company's motion to lift the stay and then awaited instructions from the Plaintiff about what could be achieved in the bankruptcy proceedings to prevent the foreclosure. As the complaint alleges, the Plaintiff would have told the McRaney firm to seek to modify the Chapter 11 plan so that she could make the payments to the loan company to avoid foreclosure. Accordingly, the complaint sets out the breach of duty claim with particularity , such that the Defendants' motion to dismiss should be denied.

I.     **Plaintiff's requested damages are not moot**

By alleging facts outside of the Plaintiff's complaint, the Defendants are improperly seeking to convert their Rule 12(b)(6) motion to a motion for summary judgment under Rule 56. Should the Court allow the Defendants to raise matters outside the pleadings and treat the Defendants' motion as a motion for summary judgment, then the Court should afford the Plaintiff leave to provide affidavits or other proof, as provide by Rule 12(d).

In regard to mootness, the Plaintiff further notes that there was in fact a foreclosure sale and that she did lose title to her home for a period of time and has suffered compensatory damages. See Exhibit 1, which is the attached complaint for unlawful entry and detainer filed by Tower Loan against the Plaintiff and her husband in Warren County Court stating therein that a trustee's foreclosure deed was entered on May 12, 2022 in deed book 1676, page 571, conveying legal title in Ms. Reed's home to Tower Loan. Also see Exhibit 2, which is the counterclaim filed by Ms. Reed in the Tower Loan unlawful entry and detainer case that contains multiple allegations of professional negligence on the part of Mr. McRaney and that are pertinent to the instant case. If required, the allegations in the Warren County counterclaim pertaining to McRaney can be used to amend the complaint in this civil action.

### J. The Defendants are not entitled to sanctions

First, the matter of sanctions should be raised in a separate motion and not embedded in a Rule 12(b)(6) motion. Second, the Defendants should at least wait on their Rule 12(b)(6) motion being decided in their favor before filing a motion for sanctions. Third, the Plaintiff's complaint easily satisfies Rule 11(b) in that the pleading alleges claims and other legal contentions warranted by existing law and alleges factual contentions that have evidentiary support. Accordingly, the Defendants' motion for sanctions should be denied.

### K. Conclusion

For the reasons set forth above, the Defendants' motion to dismiss should be denied.

Respectfully submitted on December 28, 2023.

**BRENDA GARRETT REED, PLAINTIFF**

*/s/* Samuel L. Begley
**SAMUEL L. BEGLEY, ESQ.**
Miss. Bar No. 2315
BEGLEY LAW FIRM, PLLC
P. O. Box 287
Jackson, MS 39205
Tel: 601-969-5545
begleylaw@gmail.com

**W. DAVID WATKINS, SR., ESQ.**
Foreclosure Defense Staff Attorney
MS Center for Legal Services Corporation
414 South State Street, Suite 300
P.O. Box 951
Jackson, MS 39205
(601) 427-3650
wwatkins@mslegalservices.org

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing DEFENDANTS' AMENDED MOTION TO DISMISS with the Clerk of the Court, using the CM/ECF system.

Date: December 28, 2023.

*/s/Samuel L. Begley*