IN THE COUNTY COURT OF WARREN COUNTY, MISSISSIPPI

**TOWER LOAN OF MISSISSIPPI, LLC**
**D/B/A TOWER LOAN OF VICKSBURG**
**Plaintiff**

**v.**                                                                         **Civil Action 75CO1:22-cv-00344**

**MICHAEL REED, BRENDA REED,**
**and/or ANY OTHER PARTIES IN INTEREST**
**WHETHER KNOWN OR UNKNOWN**                                       **Defendants**

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM
### ON BEHALF OF DEFENDANTS MICHAEL AND BRENDA REED

COMES NOW, Defendants Michael Reed and Brenda Reed (the "Reeds"), by and through their counsel, and file this Answer, Affirmative Defenses and Counterclaim in response to the Complaint filed by Tower Loan of Mississippi, LLC, d/b/a Tower Loan of Vicksburg ("Tower"). Along with the filing of this pleading, the Reeds are also filing a *Rule 14 Motion to Join* John E. Tucker, *individually*, Robert Rex McRaney, II, *individually*, and McRaney & McRaney as ***Third Party Defendants*** in the above captioned cause.

### ANSWER TO COMPLAINT

1.  Upon information and belief, paragraph 1 of the Complaint is admitted.

2.  The Reeds admit that they are adult resident citizens of Warren County and live at 1828 Heather Drive, Vicksburg, Mississippi 39180 (the "Residence"). The Reeds are without knowledge as to remaining allegations/statements contained in paragraph 2 of the Complaint, and they are thus denied.

3.  The statements in paragraph 3 of the Complaint reference a public document. The document speaks for itself. The allegations of paragraph 3 that Tower is the rightful owner of the Residence are denied.

1

4. The allegations contained in paragraph 4 of the Complaint are denied.

5. The allegations contained in paragraph 5 of the Complaint are denied.

## AFFIRMATIVE DEFENSE ONE

Inasmuch as the foreclosure of the Residence was illegal, Tower fails to state a cause of action upon which relief may be granted. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE TWO

Tower committed wrongful acts, both in tort and breach of contract, which solely and proximately resulted in the wrongful and unlawful foreclosure and the loss of the Residence of the Reeds. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE THREE

But for the wrongful and illegal foreclosure by Tower, the Reeds would qualify for a Homeowner Assistance Fund ("HAF") grant, authorized by the *American Rescue Plan Act* ("ARPA") of 2021.[1] The HAF grant would provide funding to bring the mortgage loan fully current and to provide full monthly mortgage payments for up to eighteen (18) months in the future. This equitable resolution would result in both parties being in a better position than they were before the wrongful foreclosure. Tower violated its duties of good faith and fair dealing by

---

[1] Pub.L. 117–2. See https://home.treasury.gov/policy-issues/coronavirus/assistance-for-state-local-and-tribal-governments/homeowner-assistance-fund. See Exhibit A for a full description of the HAF program.

2

not allowing the Reeds to pursue this remedy.[2] The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE FOUR

The Mississippi Center for Legal Services Corporation has authorized the engagement of Bryant Guy, attorney at law, to intervene in the Brenda Reed bankruptcy case and file a Motion to Set Aside the Orders Lifting the Stays, bringing the Residence back into the pending bankruptcy case, for further proceedings pursuant to the Bankruptcy Laws of the United States. But for the misconduct on the part of Tower and its bankruptcy attorney, the property would not have been released from the stay and this action would not be required by the Reeds. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE FIVE

Tower's claims are barred by the equitable doctrine of unclean hands. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE SIX

Tower and its agents engaged in improper and unethical conduct in removing the Residence from the bankruptcy estate of Brenda Reed, and proceeding with the foreclosure of

---

[2] Mississippi Center for Legal Services Corporation ("MCLSC") has now begun an online application for a HAF grant on behalf of the Reeds. However, before such a grant can be funded, the title to the Residence must be in the name of the Reeds.

the Residence. Tower's agent and attorney, John E. Tucker, breached his ethical obligations under §8.3 of the *Mississippi Rules of Professional Conduct*[3] by his failure to disclose to the tribunal that the Reeds were not being provided with legal representation. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE SEVEN

The mortgage note and deed of trust executed by the Reeds are the result of predatory loan practices by Tower, contrary to public policy and are illegal and unenforceable. Tower misrepresented to the Reeds the true terms of the loan, notwithstanding the loan documents. Tower failed to properly disburse the correct amount of funds to Reeds, as required by the loan documents. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE EIGHT

The terms and conditions of the mortgage note and deed of trust executed by the Reeds are commercially unreasonable and unconscionable, resulting from grossly disparate bargaining power of the parties, constituting an illegal contract of adhesion, contrary to public policy of the State of Mississippi and contrary to the constitutions of the United States and the State of Mississippi. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

---

[3] **RULE 8.3 REPORTING PROFESSIONAL MISCONDUCT**
(a) A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or ***fitness as a lawyer in other respects***, shall inform the appropriate professional authority. (emphasis added)

4

## AFFIRMATIVE DEFENSE NINE

The Reeds were deprived of legal representation in their bankruptcy proceedings due to the incapacitation of their attorney, Robert Rex McRaney, II of the McRaney & McRaney Law Firm. McRaney & McRaney failed to terminate the representation of the Reeds, as required by Rule 1.16 of the *Mississippi Rules of Professional Conduct*,[4] and Mr. McRaney failed to communicate at all with the Reeds for over one year. Tower was aware, or should have been aware, of the absence of representation, yet knowingly took advantage of the Reeds and pursued an aggressive strategy to deprive the Reeds of their property, contrary to their constitutional rights to due process of law under the constitutions of the United States and the State of Mississippi. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE TEN

The relief requested would result in unjust enrichment of Tower, contrary to public policy. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

## AFFIRMATIVE DEFENSE ELEVEN

The relief requested would be a *de facto* forfeiture of the Residence, in violation of the Reeds property and other constitutional rights. The law abhors forfeitures. The wrongful and

---

[4] **RULE 1.16 DECLINING OR TERMINATING REPRESENTATION**
(a) Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:
(1) the representation will result in violation of the rules of professional conduct or other law;
(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client; or
(3) the lawyer is discharged.

5

illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE TWELVE

Tower and its agents have breached their obligations to perform in good faith in contractual dealings, causing significant damage and suffering to the Reeds. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE THIRTEEN

The actions of Tower and its agents constituted a tortious interference with contractual relations and a breach of contract. The wrongful and illegal foreclosure should be vacated and set aside, the Trustee's Deed cancelled, and title to the Residence should be reinstated in the Reeds.

### AFFIRMATIVE DEFENSE FOURTEEN

Discovery has not been conducted, and, therefore, to the extent permitted by law, the Reeds reserve the right to add additional defenses and affirmative defenses and does not waive any rights, privileges, defenses, or affirmative defenses not specifically asserted herein.

### COUNTERCLAIM

CC1   All allegations and averments contained in the Answer and Affirmative Defenses are hereby re-alleged herein.

CC2   Brenda Reed inherited the Residence from her mother, where for a number of years she was her mother's caretaker and took responsibility of the financial obligations of her mother until her passing, including making payments on the mortgage until it was paid

|     |     |
| --- | --- |
|     | off, paying for the living expenses of her mother, and for all utilities, repairs, maintenance of the Residence. |
| CC3 | In 2019, the Reeds decided to take out a loan on the Residence in order to finance renovations that would provide more comfort for visiting family members, and to basically "spruce up" the house. At that time, the Residence owned by the Reeds was valued at $70,000, and *had no outstanding mortgage debt*. |
| CC4 | Even though Brenda Reed is employed as a nurse, she had no prior experience dealing with financial matters, particularly mortgage financing. Michael Reed has no formal education and has never had any training or prior experience dealing with mortgage matters. |
| **CC5** | On February 9, 2018, the Reeds took out a loan on their home though a 10- year mortgage loan from Tower in the amount of $31,967.11, *at an interest rate of 18%*, with regular monthly payments of $576.00, in addition to monthly escrow payments of $240.00. The Reeds were required to pledge personal property valued at $4,550.00 as additional collateral for the mortgage loan, for a total pledge of collateral of $74,500.00. ***Tower took collateral at 233% of the amount of the loan to secure the mortgage.*** See Exhibit "C." |
| CC6 | The Reeds had expected to receive $26,467.00 in proceeds from the loan, but in fact, only received $11,000.00. Tower misrepresented to the Reeds what the true financial payout on the loan would be, causing the Reeds great confusion, anxiety, and financial loss. In many jurisdictions, this loan would be considered a "predatory loan."[5] |

---

[5] See https://www.investopedia.com/terms/p/predatory_lending.asp; https://www.consumeraffairs.com/finance/what-is-predatory-lending.html; https://www.justice.gov/usao-edpa/divisions/civil-division/predatory-lending

7

CC7   According to the loan payment history provided by Tower and attached as Exhibit "B," the Reeds made periodic payments on the mortgage up and until December 7, 2020, in the total amount of $8,896.15.  At the time of the foreclosure, the amount of indebtedness under the loan had jumped to a staggering $52,109.85.

CC8   Brenda Reed is a trained nurse and was assigned to the covid wing of the medical facility where she was employed. Due to serious, and ultimately fatal, illnesses of multiple family members, she was the only family member that could provide home care and end-of-life services to them.  However, because of their compromised immune systems, she could not continue daily duties as a covid nurse, potentially exposing her ill family members. Consequently, the Reeds fell behind on their monthly payments under the mortgage loan.

CC9   On August 28, 2019, John E. Tucker, In House Counsel to Tower, sent a letter to the Reeds advising them that they were past due on the mortgage loan in the amount of $2,015.25, with an outstanding loan obligation of $60,767.25. It is difficult to understand how the loan obligation could possibly be at that level, inasmuch as the Reeds had paid approximately $9,000.00 on the $31,967.11.

CC10   To save their home from foreclosure, Defendant Michael Reed filed for bankruptcy, Case No. 20-01791, on June 23, 2020, entering into a payment plan with Tower.  Robert Rex McRaney II ("McRaney"), of McRaney & McRaney Law Firm, was bankruptcy counsel to Mr. Reed.

CC11   Two weeks later, on July 8, 2020, Defendant Brenda Reed filed for bankruptcy, Case No. 20-01902, also being represented by Mr. McRaney. The bankruptcy plan that was confirmed by the bankruptcy court provided that the mortgage was being paid through Michael Reed's bankruptcy plan, thus Ms. Reed's plan did not include their residence as

part of the exempt property for her bankruptcy.

CC12  On December 18, 2020, the bankruptcy case of Michael Reed was dismissed due to the failure to make all of the payments under the plan. Payments were being made during 2019, and part of 2020, with the last payment apparently being made on December 7, 2020.

CC13  Notwithstanding the dismissal of the Michael Reed bankruptcy case, counsel to Brenda Reed in her bankruptcy case, Mr. McRaney, made *no efforts* to amend her plan to include their home. Ms. Reed made multiple phone calls and left multiple messages for Mr. McRaney to return her call in order to talk about amending her plan to save the house. In fact, a review of the docket for the Brenda Reed bankruptcy case shows that her bankruptcy attorney made *NO filings or had any other activity on her case since September 15, 2020*!

CC14  Based upon information and belief, Mr. McRaney was incapacitated during parts 2020 and 2021, *depriving the Reeds of effective counsel*. Despite his health conditions and his total lack of engagement in the pending bankruptcy cases, no effort was made by him or his law firm to offer alternative representation or to terminate the representation as required by §1.16 of the *Mississippi Rules of Professional Conduct*.[6] In short, the Reeds have been deprived of adequate legal representation, and have suffered severe damages as a result.

CC15  On June 30, 2021, the Brenda Reed bankruptcy case was reassigned to the new Bankruptcy Judge for the Jackson Division, Jamie A. Wilson.

CC16  On October 22, 2021, Tower, through its attorney Joe E. Tucker ("Tucker"), filed a

---

[6] *Infra*, at footnote 2.

      Motion to Lift the Protections of the Automatic Stay and a Motion to Lift the Stay of the Co-Debtor.  The facts and circumstances show that Tower had imputed, *if not actual*, knowledge that Mr. McRaney was incapacitated and was no longer providing adequate legal services to the Reeds.

CC17  Mr. McRaney never consulted with the Reeds regarding the Motion to Lift the Stay, and never raised any objections or filed any response to these motions filed by Tower. Consequently, orders granting the motions ***without hearings or disclosure of the incapacity of McRaney*** were entered on November 15, 2021, and November 30, 2021.

CC18  During this period of time, Defendant Brenda Reed placed numerous calls to the McRaney Law Firm to get an update on the case, but was never able to get through to talk to an attorney, only a receptionist.  The Reeds cannot recall having had ANY communication of any kind with Mr. McRaney since December of 2020.  The Reeds were literally *unrepresented by counsel* in both bankruptcy cases.

CC19  Tower's Attorney, Tucker, had a duty to disclose to the Bankruptcy Court under §8.3 of the *Mississippi Rules of Professional Responsibility*[7] that the Reeds were unrepresented, prior to seeking dispositive orders to lift the stays. The failure of Tower's bankruptcy counsel to report the incapacity of Reeds' counsel is a proximate cause of the severe and significant damages, mental anguish and distress suffered by the Reeds resulting from the wrongful foreclosure. Tower is clearly responsible for the actions of its in-house legal counsel and bankruptcy attorney acting in its behalf.

CC20  At the time of the loan, the value of the Residence was placed at $70,000 by Tower.

---

[7] "(a) A lawyer having knowledge that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or ***fitness as a lawyer in other respects,*** shall inform the appropriate professional authority." [*emphasis added*]

With a loan of approximately $32,000, the Reeds still had $38,000 in equity, according to their own data. Through December 2020, the Reeds had paid nearly $9,000 on the $32,000 loan. The foreclosure by Tower eradicated the equity in the Residence.

CC21  The Reeds have requested that Mississippi Center for Legal Services Corporation ("MCLSC") give formal notification to the Reeds bankruptcy counsel of his termination of services, which is being delivered on September 19, 2022.

CC22  The Mississippi Center for Legal Services Corporation has authorized the engagement of Bryant Guy, attorney at law, to intervene in the Brenda Reed bankruptcy case and to file a *Motion to Set Aside the Orders Lifting the Stays*. The relief being sought will invalidate the foreclosure, cancel the Trustee's Deed, and reinstate title in the Residence to the Reeds. To allow an eviction of the Reeds at this point would be an avoidable injustice.

CC23  It is the intention of the Reeds to report the misconduct of Mr. McRaney to the Mississippi Bar and to file a formal complaint.

CC24  Tower, together with their agent, John E. Tucker, have committed constructive fraud, misrepresentation, and tortious interference with contractual relations, causing great harm to the Reeds. Tucker failed to discharge his ethical duties by failing to disclose to the Bankruptcy Court that the Reeds were not receiving legal representation, by knowingly taking advantage of that situation and proceeding with actions to have the automatic stay regarding the Residence to be lifted. Their improper conduct requires that the Court vacate the foreclosure proceedings and reinstate title to the Residence in the Reeds.

CC25  The foreclosure on the Residence of the Reeds was improper and illegal, and a breach of contract, requiring this Court to vacate the foreclosure proceedings, cancel the Trustee's Deed, and reinstate title to the Residence in the Reeds.

CC26  The misrepresentations, misconduct, unethical conduct, tortious interference with contractual relations, and wrongful foreclosure by Tower, by and through their agent and in-house attorney Tucker, in his representative and individual capacity, have caused great harm, emotional distress and financial loss to the Reeds.

CC27  The Reeds seek an order from this Court allowing the Rule 14 joinder of Robert Rex McRaney II, McRaney and McRaney Law Firm, and John E. Tucker as third party defendants to this cause of action.

CC28  The Reeds seek an order setting aside and vacating the foreclosure proceedings, cancelling the Trustee's Deed, and reinstating title to the Residence in the Reeds.

CC29  The Reeds seek actual, consequential, compensatory and punitive damages from Tower and Tucker, jointly and severally, in the amount of two hundred thousand dollars ($200,000.00).

WHEREFORE, the Defendant Reeds move this Court for an order to set aside the foreclosure by Tower, to vacate the foreclosure proceedings, to cancel the Trustee's Deed, and to reinstate title of the Residence in the Reeds. The Reeds further seek damages, as set forth herein, in the amount of two hundred thousand dollars ($200,000.00), and such other general relief that this Court may deem proper.

RESPECTFULLY SUBMITTED, this the 18th day of September 2022.

BY _____
W. David Watkins
Attorney for Defendants Michael Reed and
Brenda Reed

W. David Watkins, Sr., MSB No. 6986
Mississippi Center for Legal Services Corporation
wwatkins@mslegalservices.org
414 South State Street, Suite 300

P.O. Box 951
Jackson, MS 39205-0951
(601) 427-3650

## CERTIFICATE OF SERVICE

    I, the undersigned attorney for the Defendants, Brenda and Michael Reed, hereby certify that on this day, I electronically filed the foregoing Answer, Affirmative Defenses, and Counterclaim with the Clerk of the Court using the MEC system, which sent notification of the same to:

John Simpson
jsimpson@simpsonlawfirm.net
Tyler D. Jordan
tjordan_mec@simpsonlawfirm.net
SIMPSON LAW FIRM, P.A.
P.O. Box 2058
Madison, MS 39130-2058
(601)957-6601

This the 18th day of September 2022.

*/s/ W. David Watkins*
W. David Watkins